UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEDA RESEARCH AND DEVELOPMENT COMPANY LTD.,<br><br>                                Plaintiff,<br><br>- v -<br><br>ICAD, INC.,<br><br>                                Defendant. | Civil Action No. 1:18-cv-08083-GBD-KNF<br><br>STIPULATED FIRST AMENDMENT<br>TO THE PROTECTIVE ORDER |

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following First Amendment to the Protective Order (ECF 62) modifying the Source Code Review protocol.

**WHEREAS,** on March 21, 2020, this Court entered the Protective Order submitted by the Parties (ECF 62); and

**WHEREAS,** since that time, the COVID-19 global health pandemic has prevented the Parties and their respective experts from reviewing the Source Code in the manner set forth in the Protective Order; and

**WHEREAS,** the Parties seek to modify the Protective Order to allow their respective experts to conduct a review of the Source Code remotely in light of the ongoing pandemic and health considerations with travelling to counsels' offices to conduct an in-person review; and

**NOW, THEREFORE,** pursuant to Section 15 of the Protective Order, the Parties submit the following modification of the Protective Order for the Court's approval.

IT IS HEREBY ORDERED THAT:

516885.00113/123845446v.6

Section 4, pertaining to Disclosure of Highly Confidential Information or Highly Confidential Source Code, is hereby modified to read as follows:

**4.     Disclosure of Highly Confidential Information or Highly Confidential Source Code.**

(a)     Access to Highly Confidential Information or Highly Confidential Source Code produced under the protection of this Order shall be limited to:

- Persons identified in Paragraph 3(a) hereof;
- Persons identified in Paragraph 3(c) hereof provided that no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 4(c) of this Order;
- Persons identified in Paragraph 3(d) hereof, but only such persons of the Producing Party who authored, reviewed, had access to, or sent or received the Highly Confidential Information or Highly Confidential Source Code in the ordinary course of business unrelated to this Action;
- Persons identified in Paragraph 3(e) hereof; and
- Persons identified in Paragraph 3(f) hereof.

Source Code and software, to the extent any Producing Party agrees to provide any such information, shall ONLY be made available to persons identified above in paragraph 4(a) and who have executed the forms attached hereto as **Exhibit A** and **Exhibit B**, and shall ONLY be made available for inspection, and not produced except as provided for below.  Source Code and approved software shall be maintained by the Producing Party on a computer with a secure network connection ("Source Code Computer") at the offices of the Producing Party's primary outside counsel of record in this Action, or other mutually agreed upon locations subject to any third-party confidentiality obligations.  The Producing Party shall provide the persons identified in 3(c) hereof ("Source Code Reviewer") with a password protected computer that has been configured not to recognize any input/output device (e.g., USB memory stick, CDs, floppy disk, portable hard drive, laptop, cellular telephones, PDA, smartphones, voice recorders, etc.) ("Review Computer"), but

the Producing Party shall not be required to provide the receiving Party with more than two (2) Review Computers.  Prior to receiving the Review Computer, the Receiving Party shall provide written notice to the Producing Party of the make and model of the keyboard, mouse, and/or monitor (collectively, "Peripherals") required by the Source Code Reviewer to conduct the Source Code Review.  Upon receipt of such written notice, the Producing Party shall have five (5) business days to object in writing.  The objections must state with particularity the ground(s) of the objection and the specific Peripheral(s) that is the source of the objection.  The Review Computer will be pre-loaded by the Producing Party with any drivers required to use the agreed upon Peripheral(s).  The Review Computer will be sent directly to the Source Code Reviewer by the Producing Party via overnight FedEx.  Upon confirmation that the Review Computer has been received by the Source Code Reviewer, the Producing Party will provide the username and password for the Review Computer directly to the Source Code Reviewer by letter via overnight FedEx.  The Source Code Reviewer, through the use of a VPN or alternative encrypted remote connection with a similar level of protection as a VPN ("VPN"), and dual-factor authentication, may connect the Review Computer to the Source Code Computer in order to conduct the Source Code Review.  The Review Computer shall only be used for purposes of the Source Code Review, and shall be maintained in a secure, locked or safe area when not being used for the Source Code Review.  The Producing Party may visually monitor the activities of the Source Code Reviewers during any review of Highly Confidential Source Code through the use of an internal web camera, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.  The VPN connection to the Source Code Computer will be made available for up to five (5) business days by the Producing Party during normal business hours upon forty-eight (48) hour written notice, and if additional time beyond that is needed for review by either party the VPN connection

to the Source Code Computer may be made available on dates and times to be mutually agreed upon until the close of discovery in this Action. Only one Source Code Reviewer may connect to the Source Code Computer at a time. Access to Highly Confidential Information or Highly Confidential Source Code shall be provided only to the extent reasonably necessary for litigating this Action. Upon completion of the Source Code Review, the Review Computer shall be returned to the Producing Party via overnight FedEx. Such information shall not be given, shown, made available, communicated, or otherwise disclosed to any other person. Access to and review of the Source Code shall be strictly for the purpose of investigating the claims and defenses at issue in the above-captioned case. No person shall review or analyze any Source Code for purposes unrelated to this case, nor may any person use any knowledge gained as a result of reviewing Source Code in this case in any other pending or future dispute, proceeding, or litigation. The receiving Party shall maintain a record of any individual who has inspected any portion of the Highly Confidential Source Code in electronic or paper form.

(b) Any person identified in paragraph 3(a) and 3(c) who received Highly Confidential Information or Highly Confidential Source Code shall not file patents and prosecute patents in the same technology field as the Source Code and software on behalf of the receiving Party for a period of two (2) years after final termination of this Action.

(c) A Party desiring to disclose another Party's Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) of this Order must give prior written notice to the producing or designating Party, and execute the forms attached hereto as Exhibit A and Exhibit B. The written notice must provide the following information about the person to whom Highly Confidential Information or Highly Confidential Source Code is to be disclosed: (i) name, address, curriculum vitae, current employer, employment history for the past

four years; and (ii) a listing of cases in which the person has testified as an expert at trial or by deposition within the preceding four years. Upon receipt of such written notice, the producing or designating Party shall have five business days to object in writing. The objection must state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. If, after consideration of the objection, the Party who originally gave notice of its intent to disclose Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) hereof still wishes to proceed with the disclosure, it shall provide written notice to the objecting party. Thereafter, the objecting Party shall move the Court, within five business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the five-business day period shall operate as an approval of the disclosure of Highly Confidential Information or Highly Confidential Source Code to the person at issue. No Highly Confidential Information or Highly Confidential Source Code shall be disclosed to such person until after the expiration without objection of the notice period or, if the producing or designating Party objects, until after such objection is resolved pursuant to the procedures set forth in this Paragraph 4(c). No disclosure of Highly Confidential Information or Highly Confidential Source Code to a person identified in Paragraph 3(c) or their necessary support personnel shall occur until (1) that person has signed the form attached hereto as Exhibit A and Exhibit B, as appropriate, (2) a signed copy has been provided to the Producing Party, and (3) to the extent there has been an objection under this paragraph, that objection is resolved according to the procedures set forth above. No disclosure of Highly Confidential Information or Highly Confidential Source Code may be provided to a person identified in Paragraph 3(c) that is a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party. No disclosure of Highly Confidential

Information or Highly Confidential Source Code may be provided to a person identified in Paragraph 3(c) that is involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party.

(d) The receiving Party and its experts may need to utilize certain automated forensic tools as part of the Highly Confidential Source Code review procedure. Such tools may be used to compare Highly Confidential Source Code. The Parties will work together to agree on acceptable forensic tools and procedures. Notwithstanding the foregoing, the Parties agree that the Source Code Computer may be pre-loaded with mutually agreed upon software. Additionally, the Parties agree that, subject to the restrictions herein on printing Source Code, that the Source Code Computer shall be connected to a printer which the Source Code Reviewer may utilize from the Review Computer, pursuant to the terms of this Protective Order.

(e) The receiving Party's outside counsel and/or persons identified in Paragraph 3(c) shall be entitled to take notes in a Microsoft Word Document relating to the Source Code but may not copy any portion of the Source Code into the notes, unless mutually agreed upon by the parties. Any notes relating to the Source Code will be treated as "HIGHLY CONFIDENTIAL SOURCE CODE," and such designation will be written on each page of notes and the cover of such Microsoft Word Document. No copies of all or any portion of the Source Code may leave the offices of the Producing Parties primary counsel of record except as otherwise mutually agreed upon by the parties. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

(f) No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code or software from the Source Code Computer or Review Computer, except as the receiving Party may request a reasonable number of

pages of Source Code and the Source Code Reviewer's notes to be printed on watermarked paper, labeled "HIGHLY CONFIDENTIAL SOURCE CODE," and/or colored Bates numbered paper, which shall be provided by the Producing Party. The receiving Party shall not create any electronic version of any Source Code or any other documents or things reflecting Source Code that have been designated by the Producing Party as "HIGHLY CONFIDENTIAL SOURCE CODE" for any reason. The receiving Party may request paper copies of limited portions of Highly Confidential Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Highly Confidential Source Code other than electronically as set forth in Paragraph 4 in the first instance. Any paper copies used during a deposition shall be retrieved by the receiving Party at the end of each day and must not be given to or left with a court reporter or any other individual. The Producing Party may challenge the amount of Highly Confidential Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 9.

(g) In no event may the receiving Party request to print an aggregate total of more than seventy-five (75) pages including duplicate copies during the duration of the Action without prior written approval by the Producing Party. The printing of source code shall be judicious and proportional to the needs of the Action, and the production of large segments of code shall be objectionable. Any additional printed pages of Source Code requested by the receiving Party for the Action will be provided only upon a showing of good cause by the receiving Party. If the Producing Party objects that the printed portions are not relevant to any Party's claim or defense or proportional to the needs of the case, the Producing Party shall make such objection known to the receiving Party within three (3) business days. If after meeting and conferring the Producing

Party and the receiving Party cannot resolve the objection (where such meet-and-confer need not take place in person), the receiving Party may seek a Court resolution of whether the printed Source Code in question is relevant to any Party's claim or defense and proportional to the needs of the case. Contested Source Code print outs need not be produced to the Requesting Party until the matter is resolved by the Court.

(h) Any paper copies designated "HIGHLY CONFIDENTIAL SOURCE CODE" or notes, analyses or descriptions of such paper copies of Source Code ("Paper Source Code") shall be stored or viewed only at (i) the offices of outside counsel for the receiving Party, (ii) the offices of persons identified in paragraph 4(a) who have been approved to access Source Code and executed Exhibit A and Exhibit B; (iii) the site where a deposition relevant to Source Code is taken; (iv) the Court; or (v) any intermediate locked and secured, or safe location (under the direct control and supervision of a person approved to access the Source Code and who has signed the Protective Order) when necessary to transport the information to a hearing, trial or deposition. Any such paper copies or notes, analyses or descriptions of such paper copies of Source Code shall remain at all times with the person identified in paragraph 4(a) who has both executed both Exhibit A and Exhibit B, and accessed the Source Code; and shall be a carry-on on all modes of transportation. Any such paper copies or notes, analyses or descriptions of such paper copies of Source Code shall only be transported or transmitted by mutually agreeable means and shall be maintained at all times in a secure, locked, or safe area under the direct supervision of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the Source Code. The receiving Party shall only transmit or transport those paper copies to the extent necessary to provide those persons identified in paragraph 4(a) who have been approved to access Source Code and executed

516885.00113/123845446v.6

Exhibit A and Exhibit B with access to their own notes, analyses, or descriptions of such paper copies of the Source Code, but shall not otherwise convert any of the information contained in the paper copies into any electronic format.

| | |
|---|---|
| **PEARL COHEN ZEDEK LATZER BARATZ LLP** | **BLANK ROME LLP** |
| By: /s/ *Guy Yonay* | By: /s/ *Andrew T. Hambelton* |
| Dated: October 23, 2020 | Dated: October 23, 2020 |
| Guy Yonay (GY-3028)<br>Sarah Benowich (SB-1991)<br>1500 Broadway, 12th Floor<br>New York, NY 10036<br>(646) 878-0800 | Andrew T. Hambelton<br>Michael C. Lupton (ML-9413)<br>1271 Avenue of the Americas<br>New York, NY 10020<br>(212) 885-5000 |
| *Attorneys for Plaintiff*<br>*Yeda Research and Development*<br>*Company Ltd.* | Daniel E. Rhynhart (admitted *pro hac vice*)<br>One Logan Square<br>130 North 18th Street<br>Philadelphia, PA 19103<br>(215) 569-5500 |
| | *Attorneys for Defendant*<br>*iCAD, Inc.* |

11/4/20
SO ORDERED

*Kevin Nathaniel Fox*

Kevin Nathaniel Fox, U.S.M.J.

516885.00113/123845446v.6

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEDA RESEARCH AND DEVELOPMENT COMPANY LTD., <br><br> Plaintiff, <br><br> - v - <br><br> ICAD, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08083-GBD <br><br> ACKNOWLEDGEMENT OF PROTECTIVE ORDER |

The undersigned has read the attached Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a) The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except as authorized by the Order and for the sole purpose of this Action, any information designated as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code received in this Action.

(b) The undersigned acknowledges that all Confidential Information, Highly Confidential Information, or Highly Confidential Source Code received and all Documents and things containing information designated as Confidential Information, Highly Confidential Information, or Highly Confidential Source Code are to remain in the undersigned's personal custody until the undersigned's duties have been completed. The undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c) The undersigned is not otherwise currently, regularly, or expecting to be employed by any Party to this Action.

(d) The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: _____                    _____
                                          Signature

                                          _____
                                          Printed Name and Address

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YEDA RESEARCH AND DEVELOPMENT COMPANY LTD., <br><br> Plaintiff, <br><br> - v - <br><br> ICAD, INC., <br><br> Defendant. | Civil Action No. 1:18-cv-08083-GBD <br><br> Confidentiality Agreement for Experts, Consultants, or Investigators pursuant to Paragraph 3(c) |

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") in *Yeda Res. & Dev. Co. LTD., v. iCAD, Inc.*, Case No. 1:18-cv-08083-GBD (S.D.N.Y.). Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order. In the event that I receive confidential Source Code, I agree not to engage in software development work directly or indirectly intended for commercial purposes relating to diagnostic imaging for a period of two (2) years after the issuance of a final, non-appealable decision resolving all issues in the case.

Name of Individual: _____
Present Occupation/job description: _____
Name of Company or Firm:_____
Address:_____
Dated:_____

_____

[Signature]